UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARYJEAN BASSETT

    Plaintiff

vs.

NCL (Bahamas), Ltd., A Bermuda Company,
d/b/a NORWEGIAN CRUISE LINES, INC.

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, MARYJANE BASSETT by and through undersigned counsel, and sues the Defendant, NCL (Bahamas), Ltd., d/b/a Norwegian Cruise Lines, Inc., and further state as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1332 and the forum selection clause of Plaintiff's passenger cruise ticket contract with Defendant. The cause of action is in excess of $75,000.00. There is true and complete diversity of citizenship. Plaintiff is a resident and citizen of the state of Hawaii. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or such conditions do not apply to Plaintiff herein.

3. Defendant NCL (Bahamas) Ltd., A Bermuda Company, d/b/a Norwegian Cruise Lines, Inc. is, upon information and belief, a foreign and/or Bahamian corporation, which is licensed to do business in Florida as a cruise line.

Defendant's base of operations is in Miami, Dade County, Florida making venue proper.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about March 28, 2015, Plaintiff was an adult fare paying passenger on Defendant's vessel PRIDE OF AMERICA. Defendant owned and/or operated the PRIDE OF AMERICA on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a tile, granite or stone floor in a reasonably safe condition, and/or;

   b. Failing to properly train employees to warn passengers like Plaintiff of the dangers of walking on a tile, granite or stone floor, and/or;

   c. Failing to properly maintain the floor at the buffet, and/or;

   d. Failing to safely and properly design and/or construct a floor in a public restaurant so as to have non-skid or non-slip properties when wet, and/or;

   e. Failing to safely and properly keep a tile, stone or granite-type floor surface in a public restaurant clean and dry, and/or;

   f. Failing to have a non-slip or non-skid walking surface on a tile, stone or granite floor in a public restaurant where it was foreseeable to become wet, greasy and slippery, and/or;

   g. Failed to adequately warn Plaintiff of a wet and slippery floor.

8. As a result of the foregoing, the Plaintiff was seriously injured when she slipped and fell on a wet and slippery floor at the Hukilau Café buffet on embarkation day.  Defendant had actual knowledge that the floor was wet in the area where Plaintiff slipped and fell.

9. At all times material, the Defendant either created some or all of the dangerous conditions of which Plaintiff complains in Paragraph 7 a) through g) above and/or some or all of the dangerous conditions alleged in Paragraph 7 a) though g) existed for a sufficient period of time that Defendant had constructive knowledge of these dangerous conditions and/or Defendant had actual knowledge of some or all of the dangerous conditions hereinbefore alleged in paragraph seven a) through g) to have caused or contributed to causing Plaintiff's injury.

10. After Plaintiff slipped and fell, she observed water on the floor where she slipped. She also observed a "caution we floor sign" in the area which she did not see before she slipped and fell.

11. Defendant through its new build department actively participated in the design and construction of the PRIDE OF AMERICA.  Defendant has representatives at the shipyard to participate in the selection of materials for the flooring on the steps, and knows from prior experience what types of surfaces are more or less suitable for restaurant floors where food and liquids are spilled on the floor by passengers to minimize or eliminate slipping hazards such as the one the Plaintiff encountered herein.

12. At all times material, Plaintiff acted with due care for her own safety.

13. At all times material hereto, Defendant NCL (Bahamas) Ltd., was in direct control of the vessel where Plaintiff was injured.

14. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 19th Day of March, 2016.

>HOFFMAN LAW FIRM
>2881 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>Telephone: (954) 707-5040
>
>By: *//s//Paul M. Hoffman*
>Paul M. Hoffman, Esq.
>Florida Bar No: 0279897